People v Austin (2025 NY Slip Op 52101(U))

[*1]

People v Austin

2025 NY Slip Op 52101(U)

Decided on November 19, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York

againstSimeon Austin, Also Known as CARLOS JESSAMY, Defendant.

Docket No. CR-006603-25BX

Defendant: Samantha Brugger, Esq. of The Legal Aid SocietyPeople: Bronx County District Attorney's Office by ADA Sasha Abbott

Daniel M. Lewis, J.

Defendant is charged with three counts of petit larceny, PL § 155.25, a class A misdemeanor; three counts of criminal possession of stolen property in the fifth degree, PL § 165.40, a class A misdemeanor; one count of criminal obstruction of breathing or blood circulation, PL § 121.11 (a), a class A misdemeanor; one count of assault in the third degree, PL § 120.00 (1), a class A misdemeanor; and one count of harassment in the second degree, PL § 240.26, a violation.
Defendant moves to dismiss the case pursuant to CPL § 170.30 (1) (a), arguing that the People's accusatory instrument is facially insufficient. In the alternative, Defendant moves to dismiss the case pursuant to CPL § 30.30, arguing that the accusatory instrument is unconverted, and the People's speedy trial time has expired. If denied, Defendant moves for a severance of counts, a state action hearing, and to either suppress the properly noticed identifications of the Defendant or for a Wade/Dunaway hearing. Defendant also moves for an order to compel a Bill of Particulars from the People. The People's response argues that the accusatory instrument is facially sufficient and fully converted, and that their speedy trial time has not expired. The People consent to all requested hearings and demand reciprocal discovery.
For the reasons explained below, Defendant's motion to dismiss the accusatory instrument for facial insufficiency is DENIED.
Defendant's motion to dismiss the case pursuant to CPL § 30.30 is DENIED.
Defendant's requests for a state action hearing and Wade/Dunaway hearing are GRANTED.
Defendant's request for a severance of counts is DENIED.
Defendant's motion to compel the People to file a Bill of Particulars is DENIED.
Defendant's request to file additional motions is DENIED subject to the rights under CPL § 225.20 (3) to move for further leave upon good cause shown.
Both parties are reminded of their continuing discovery obligations pursuant to CPL § 240.20 et. seq. All other matters are deferred to the trial court.
 PROCEDURAL HISTORYThe People allege that on three separate instances, January 14, 2025, January 18, 2025, and March 5, 2025, Defendant was observed on video surveillance removing articles of clothing from a display exhibit at Macy's department store, located at 1441 Metropolitan Avenue in the Bronx, and leaving the store thereafter. The People further allege that during the incident on March 5, 2025, Defendant placed his left hand on complaining witness Adalberto Felix's neck and applied pressure, causing him to have difficulty breathing, suffer substantial pain and scratches to his neck, and causing annoyance, alarm, and fear for his physical safety. On the same date, the People allege that Defendant also struck complaining witness Dashaun Thompson about the right side of his body, causing him to suffer substantial pain, annoyance, alarm, and fear for his physical safety.
On March 7, 2025, Defendant was arraigned on the criminal court complaint. On May 14, 2025, the People filed and served three supporting depositions, the complaint was deemed an information, and Defendant was arraigned on the information. On June 4, 2025, the People filed a certificate of compliance and statement of readiness. On September 17, 2025, Defendant requested the instant motion schedule.

DISCUSSIONFacial Insufficiency
Under CPL § 170.35 (1), the court may dismiss an information that is "not sufficient on its face pursuant to . . . [CPL § 100.40]." An accusatory instrument is sufficient when "[n]on-hearsay allegations of the factual part of the information and/or of any supporting deposition establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL § 100.40 [1] [c]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]). The sufficiency of the accusatory instrument is a "nonwaivable jurisdictional prerequisite" (People v Dreyden, 15 NY3d 100, 102 [2010], People v Alejandro, 70 NY2d 133, 135 [1987]).
Under PL § 155.25, "[a] person is guilty of petit larceny when he steals property." Stealing property occurs "when, with intent to deprive another of property or to appropriate the same to himself . . . he wrongfully takes, obtains or withholds such property" from the owner (PL § 155.05 [1]). "The 'taking' element . . . is satisfied by a showing that [Defendant] exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]). Under PL § 165.50, "[a] person is guilty of criminal possession of stolen property in the fifth degree when he knowingly possesses stolen property, with intent to benefit himself or a [*2]person other than an owner thereof or to impede the recovery by an owner thereof."
Defendant is alleged to have stolen seven pairs of Hugo Boss sweatpants on January 14, 2025, nine Nike fleece tops on January 18, 2025, and three Nike sweaters on March 5, 2025. For each incident, the language of the complaint reads in pertinent part:
Deponent is informed by THEODORE RICHARDSON that, at the above time and place, a commercial establishment (Macy's), informant observed defendant via video surveillance remove [the aforementioned items] from display. Deponent is further informed by informant that he observed the defendant leave the store in that the defendant walked past the cashier's area and exited the store.Defendant argues that because the information does not explicitly allege that Defendant was in possession of the aforementioned items when he walked past the cashier and left the store, it must be dismissed under CPL § 170.35 (1). This Court disagrees. To adopt Defendant's argument disregards the Court of Appeals' instructions to give the factual allegations of the accusatory instrument "a reasonable, not overly technical reading" (People v Konieczny, 2 NY3d 569, 576 [2004]; Casey, 95 NY2d at 360). Using these standards, the People's information is sufficient, as it is reasonably inferred from the facts that Defendant was in possession of the items when he walked past the cashier and left the store (see e.g. People v Dumay, 23 NY3d 518, 525 [2014]). If true, these facts establish the elements of petit larceny and criminal possession of stolen property in the fifth degree and provide reasonable cause that Defendant committed these offenses. Furthermore, the factual allegations are sufficiently detailed for Defendant to prepare a defense and avoid being tried twice for the same crime. Therefore, Defendant's motion to dismiss the People's complaint on facial sufficiency grounds is DENIED.
Conversion and CPL § 30.30 CalculationA motion to dismiss must be granted where the People are not ready for trial within "ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months, and none of which is a felony" (CPL §§ 30.30 [1] [b], 170.30 [e]). This 90-day period, also known as speedy trial time, starts the day after the filing of the misdemeanor complaint (People v Stiles, 70 NY2d 765, 767 [1987]). For a statement of readiness to be valid, the People must certify that all counts of the accusatory instrument meet the requirements set forth in CPL §§ 100.15 and 100.40, and those that do not have been dismissed (CPL § 30.30 [5-a]).
This case commenced on March 7, 2025, with the filing of a misdemeanor complaint in which the highest charged offense was an A misdemeanor, punishable by up to 364 days in jail (PL § 70.15 [1]). The parties agree that the People had 90 chargeable days from March 8, 2025, to be ready for trial.
Defendant contends that the accusatory instrument remains unconverted in that neither he nor the Court received supporting depositions for Theodore Richardson and Adalberto Felix, two of three complaining witnesses in this case. Therefore, Defendant avers that the complaint is not properly converted in addition to being facially insufficient, and over 135 days are chargeable to the People.
The People's response counters Defendant's claims by providing the minutes from the [*3]May 14, 2025, court appearance, which show that the People filed with the court and served on Defendant three supporting depositions. Additionally, those minutes show that defense counsel acknowledged receipt and did not object to the complaint being deemed an information. The People therefore contend that only 89 days are chargeable against a speedy trial time calculation.
In short, the People are correct. In the instant case, only supporting depositions were required for conversion. All of them were dated May 13, 2025, and filed with the Court on May 14, 2025. Thus, the People have "conclusively refuted by unquestionable documentary proof" that they satisfied the statutory requirement to proceed upon a valid information (CPL § 210.45 [5] [c]; see also CPL §§ 170.45; 170.65 [1]). All counts of the People's accusatory instrument meet the requirements of CPL §§ 100.15 and 100.40. Moreover, when offered the opportunity to object, defense counsel declined to demur, and Defendant was arraigned on the information.
The speedy trial clock stopped upon the People's filing with the Court a valid certificate of compliance (COC) on June 4, 2025. In total, 89 days are chargeable to the People; the People have not exceeded their statutory speedy trial time; and Defendant's motion to dismiss on CPL § 30.30 grounds is therefore DENIED.
State Action and Wade/Dunaway HearingsThe People's response consents to all hearings requested by Defendant. Therefore, a state action hearing and a Wade/Dunaway hearing are hereby ordered.
Severance of CountsAlthough the accusatory instrument contains groups of offenses from three separate instances, this is permissible because at least one offense in each group is the same law. In these circumstances, Defendant may request that the court sever the counts and try the offenses separately from the others in the interest of justice and for good cause shown (CPL § 200.20 [3]; see also CPL 100.45 [1]). Good cause includes situations where there is "substantially more proof on one or more such joinable offenses than on others and there is a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL § 200.20 [3] [a]).
Defendant moves for severance under CPL § 200.20 (3) (a) but fails to specify which counts are to be severed and articulate good cause. Defendant's motion focuses solely on the charges of the third incident that differ from the joinable ones, stating that "[t]he majority of discovery provided by [sic] prosecution relates to the charges of Criminal Obstruction of Breathing or Blood Circulation, P.L. §121.11(a), Assault 3, P.L. §120.00, and Harassment P.L. §240.26, within Incident Three of the complaint." Defendant then proceeds to describe the lack of discovery disclosed for the first two incidents.
As a threshold matter, Defendant's failure to specify which charges or counts he wishes severed functionally prevents the Court from considering his request. Furthermore, Defendant insinuates that the charges of criminal obstruction of breathing or blood circulation, assault, and harassment should be severed from the rest. However, these laws differ from the other groups of offenses which include petit larceny and criminal possession of stolen property in the fifth degree and are therefore not appropriate for severance. Even if Defendant is requesting that the petit larceny and criminal possession of stolen property charges from March 5, 2025, be severed from the rest, Defendant does not set forth any basis to conclude that a jury, after hearing the evidence of these charges, would be disposed to also find him guilty of the same charges for the [*4]January 14, 2025, and January 18, 2025 incidents. 
Although the People's response does not even address Defendant's severance motion, the Court cannot overlook that Defendant failed to meet the minimum statutory standard to justify severing any of the counts in the interest of justice. Therefore, Defendant's motion for severance is DENIED.

 Bill of Particulars
Defendant moves for an order compelling the People to file a Bill of Particulars. This motion is untimely, as it must be made within 30 days after arraignment (CPL § 200.95 [3]). As this motion was made more than six months after arraignment, Defendant's request to compel a Bill of Particulars from the People is DENIED.

CONCLUSION
For the foregoing reasons, Defendant's motions to dismiss the accusatory instrument for facial insufficiency and speedy trial expiration are DENIED.
Defendant's requests for a state action hearing and Wade/Dunaway hearing are GRANTED.
Defendant's request for a severance of counts is DENIED.
Defendant's motion to compel the People to file a Bill of Particulars is DENIED
Defendant's request to file additional motions is DENIED subject to the rights under CPL § 225.20 (3) to move for further leave upon good cause shown.
The foregoing constitutes the decision and order of the Court.
Dated: 19 November 2025Bronx, New YorkDANIEL M. LEWIS, J.C.C